UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FTE NETWORKS, INC.,

Plaintiff,

- against -

SUNEET SINGAL; TTP8, LLC; FIRST CAPITAL MASTER ADVISOR, LLC; MAJIQUE LADNIER; DANIS MIR; KHAWAJA ZARGHAM BIN AAMER; THOMAS COLEMAN; INNOVATIV MEDIA GROUP, INC.; JOSEPH F. CUNNINGHAM; PETER K. GHISHAN; STEPHEN M. GOODWIN; and BRUCE M. FAHEY,

Defendants.

**ORDER**

22 Civ. 5960 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff FTE Networks, Inc. asserts claims under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961, et seq., as well as common law claims for fraud, tortious interference, and breach of fiduciary duty. (See generally Cmplt. (Dkt. No. 1-1)) Defendants are members of Plaintiff's board of directors and individuals and entities that allegedly exercised control over Plaintiff's board of directors for the purpose of defrauding Plaintiff. (See id. ¶¶ 137-156, 170)

Plaintiff has moved, ex parte, for a temporary restraining order ("TRO") – and an order to show cause why a preliminary injunction should not issue – against Defendant Joseph F. Cunningham. (Pltf. Mot. (Dkt. No. 14) at 1-2) Plaintiff seeks an order, pursuant to Fed. R. Civ. P. 65, temporarily enjoining Cunningham from: (1) "appearing at any board meeting and voting on or approving matters as a board member of FTE"; (2) "disclosing confidential information learned at any prior board meeting to any party in violation of his fiduciary duties"; and (3)

"challenging the appointment by FTE's board of directors on September 12, 2022 of an independent director to serve on the board of FTE and any actions taken by the board." (Id. at 1) Plaintiff also seeks an order directing Cunningham to show cause why he should not continue to be so enjoined during the pendency of this litigation. (Id.)

As an initial matter, Plaintiff's allegations regarding irreparable harm are not supported by an affidavit or a verified complaint. Plaintiff asserts that, absent the requested TRO against Cunningham, Plaintiff "cannot conduct business, which will ensure that FTE and all of its stockholders will be financially ruined." (Pltf. Mot. (Dkt. No. 14) at 8) Plaintiff further claims that "Cunningham has continued to breach his fiduciary duties and, in fact[,] has doubled down on his misconduct by proclaiming his willingness and right to flout the rules." (Id.) But Plaintiff has not submitted an affidavit or declaration alleging facts regarding Cunningham's alleged "continued . . . misconduct." Nor has Plaintiff submitted an affidavit or declaration that provides a factual basis for this Court to conclude that specific and immediate injunctive relief is necessary to avert irreparable harm. (See Heskin Affirmation (Dkt. No. 16) ¶¶ 1-5; Fernandez Decl. (Dkt. No. 17) ¶¶ 1-17)

Pursuant to Fed. R. Civ. P. 65(b), an ex parte TRO may only issue upon "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Here, Plaintiff has not set forth specific facts "sufficient to satisfy the high burden to justify an ex parte application." FEI Hong Kong Co. Ltd. v. GlobalFoundries, Inc., 20 Civ. 2342 (MKV), 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020).

Plaintiff has likewise not explained how the specific injunctive relief sought is connected to the ultimate relief Plaintiff seeks from Cunningham in this litigation. "[T]he

Second Circuit has held that a district court lacks jurisdiction to issue 'preliminary injunctive relief' where a motion for a preliminary injunction 'presents issues which are entirely different from those which were alleged in [the] original complaint.'" Olsen v. Doldo, 16 Civ. 5366 (RA), 2017 WL 1422431, at *2 (S.D.N.Y. Apr. 20, 2017) (quoting Stewart v. INS, 762 F.2d 193, 199 (2d Cir. 1985)); see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Here, Plaintiff seeks a TRO and preliminary injunction enjoining Cunningham from, inter alia, "challenging the appointment by FTE's board of directors on September 12, 2022 of an independent director to serve on the board of FTE and any actions taken by the board." (Pltf. Mot. (Dkt. No. 14) at 1) In the Complaint, however, Plaintiff does not seek relief relating to the appointment of an independent director. Indeed, Plaintiff does not directly seek any form of permanent injunctive relief against Cunningham. (See Cmplt. (Dkt. No. 1-1) at 46) Based on the materials presently before the Court, Plaintiff has not established "a sufficient nexus between the claims raised in [its] motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, 810 F.3d at 636.

Accordingly, Plaintiff's motion for a TRO and for an order to show cause why a preliminary injunction should not issue is denied, without prejudice to renewal. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 14 and 15.

Dated: New York, New York
September 19, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge