**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FTE NETWORKS, INC., | |
| Plaintiff, | Case No. 1:22-cv-05960-JHR |
| v. | |
| SUNEET SINGAL, TTP8, LLC, FIRST CAPITAL MASTER ADVISOR, LLC, MAJIQUE LADNIER, DANISH MIR, KHAWAJA ZARGHAM BIN AAMER, THOMAS COLEMAN, INNOVATIV MEDIA GROUP, INC., JOSEPH F. CUNNINGHAM, PETER K. GHISHAN, STEPHEN M. GOODWIN, and BRUCE M. FAHEY | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**WHITE AND WILLIAMS LLP**
Shane R. Heskin
Alex D. Corey
7 Times Square
New York, New York  10036
Tel:  (212) 244-9500
heskins@whiteandwilliams.com
coreya@whiteandwilliams.com

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

I.     Overview of Allegations in the Original Complaint.............................................................2

II.    The Proposed Amended Complaint Adds Corroborating Detail To These Claims.............5

ARGUMENT ...............................................................................................................................6

I.     Legal Standard ..................................................................................................................6

II.    FTE Promptly Brings This Motion As Soon As Was Possible .........................................7

III.   Defendants Are Not Prejudiced By Granting This Motion ...............................................8

CONCLUSION............................................................................................................................9

30450086v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Alexander Interactive, Inc. v. Adorama, Inc.*,
    12 Civ. 6608 (PKC) (JCF), 2014 U.S. Dist. LEXIS 4931 (S.D.N.Y. Jan. 13,
    2014) .................................................................................................................................8

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)...........................................................................................6, 7

*Commander Oil Corp. v. Barlo Equipment Corp.*,
    215 F.3d 321 (2d Cir. 2000)................................................................................................8

*Rachman Bag Co. v. Liberty Mutual Insurance Co.*,
    46 F.3d 230 (2d Cir. 1995)..................................................................................................8

*Schnepf v. Jerome H. Seigel, P.C.*,
    98 Civ. 125 (SHS) (AJP), 1998 U.S. Dist. LEXIS 12386 (S.D.N.Y. Aug. 10,
    1998) .................................................................................................................................8

*State Teachers Retirement Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)................................................................................................7

*Thompson v. City of New York*,
    21-cv-8202 (MKV), 2022 U.S. Dist. LEXIS 32809 (S.D.N.Y. Feb. 24, 2022) ......................9

*Trott v. Deutsche Bank, AG*,
    1:20-cv-10299-MKV, 2021 U.S. Dist. LEXIS 89754 (S.D.N.Y. May 11,
    2021) .................................................................................................................................9

*Xpression Footwear Corp. v. Peters*,
    94 Civ. 6136 (JGK), 1995 U.S. Dist. LEXIS 19122 (S.D.N.Y. Dec. 22, 1995)......................8

OTHER AUTHORITIES

FRCP Rule 15 ...................................................................................................................1, 6

30450086v.1

Plaintiff FTE Networks, Inc. ("FTE", the "Company" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its motion for leave to amend its Complaint [DE 1-1] pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 15 (the "Motion") against Defendants Suneet Singal ("Singal"), TTP8, LLC ("TPP8"), First Capital Master Advisor, LLC ("FCMA"), Majique Ladnier ("Ladnier"), Thomas Coleman ("Coleman"), Innovativ Media Group, Inc. ("Innovativ"), Joseph Cunningham ("Cunningham"), Stephen M. Goodwin ("Goodwin") and Bruce M. Fahey ("Fahey", collectively "Defendants").

## PRELIMINARY STATEMENT

FTE's Motion for leave to amend its Complaint is eminently reasonable and justifiable as it is being made before any of the Defendants in this matter have answered the Complaint and comes on the heels of (i) FTE obtaining new evidence—in the form of declarations from two key witnesses that were made in March 2022—that provide further critical evidence on aspects of the fraud and RICO conspiracy claims that FTE has already alleged against Defendants; and (ii) Defendants' second attempt to pass *ultra vires* amendments to FTE's bylaws on March 11, 2023, such that Defendants would wrongfully take over the Company.  The Motion is timely because it is being made promptly after FTE secured declarations from two individuals who confirm FTE's existing allegations that Defendants Singal and his company TTP8 defrauded FTE of more than 4 million of its shares by falsely representing they had satisfied FTE's pre-existing debt in exchange for this consideration, and promptly after Defendants' second coup attempt.

There is no prejudice to Defendants.  Defendants have not even answered the Complaint; rather the parties are in the midst of briefing Defendants' pending motions to dismiss.  What is more, the new allegations in the proposed Amended Complaint do not fundamentally alter Plaintiff's theory; they mere provide more detail and definitive confirmation of FTE's pre-existing

-1-

allegation that Singal defrauded FTE in obtaining more than 4.1 million FTE shares through falsely representing that he had satisfied several million dollars' worth of FTE's pre-existing debt.  As FTE alleged in its original Complaint, Singal and the other Defendants subsequently used these 4.1 million shares of FTE—along with millions of other FTE shares Defendants and their co-conspirators secured illicitly—to effectuate a RICO conspiracy to take over FTE through passing *ultra vires* amendments to FTE's bylaws.  In light of these new allegations, FTE is bolstering its existing fraud claim against Singal and asserting just one new cause of action; a breach of contract claim against TTP8, which entered into a note exchange agreement with FTE whereby it falsely represented it had good and marketable title to this debt and would extinguish it in return for more than 4.1 million shares of FTE common stock.

FTE hoped to spare this Court the hassle of ruling on this Motion when leave to amend is to be freely given and when FTE is barely just outside its unilateral right to amend under the FRCP given that Defendants' motions to dismiss are still pending.  While FTE was in the process of securing declarations from the two witnesses that provide the substance of the amendments to the Complaint, it sought Defendants' consent to file an amended complaint, and they refused. Consequently, any prejudice Defendants complain of—real or imagined—is their own doing and should not be a basis to deny this meritorious Motion.

## STATEMENT OF FACTS

### I.    Overview of Allegations in the Original Complaint

As set forth in the original Complaint, this Action concerns Defendants' multi-year long conspiracy to obtain a foothold ownership in FTE through fraudulent transactions with the Company, and then conspiring to use these shares—including millions the Defendants obtained illicitly and millions more they stole from their rightful owners—to attempt to pass *ultra vires* amendments to FTE's bylaws such that Defendants and their co-conspirators would take control

-2-

of the Company.  This conspiracy began in earnest when Singal was introduced to FTE through one of its board members, Cunningham, who had close personal and business ties that were not fully disclosed to the rest of the board, during an October 22, 2019 board meeting.  *See* Declaration of Shane Heskin in support of Motion, dated April 28, 2023 ("Heskin Decl.") Ex. 1 (the Complaint) ¶¶ 45-59.  During this board meeting, Singal made two major proposals to FTE that, if not fraudulent as it would later be revealed, were poised to help turn around the Company.  One proposal was for FTE to purchase a portfolio of properties owned and managed by Defendants' co-conspirators Alex and Antoni Szkaradeks (the "Szkaradeks"), through their companies Vision Property Management, LLC and VPM Holdings, LLC (collectively "Vision").  *Id*. ¶ 59.  Singal represented to FTE that the Vision portfolio consisted of approximately 3,500 properties and was valued at over $350 million.  *Id*.

Based on these representations and Singal's limited disclosures of pre-existing legal liabilities facing the Vision portfolio, FTE entered into a purchase agreement to acquire the Vision portfolio on or about December 20, 2019 (the "Vision Purchase Agreement").  *Id*. ¶¶ 63-64.  Singal and the Szkaradeks intentionally defrauded FTE by entering into the Vision Purchase Agreement because they did not disclose that the majority of the Vision portfolio was subject to a national lease-to-own scheme orchestrated by the Szkaradeks, making the properties unsellable and impossible to collect rent from, while also failing to disclose the bourgeoning consumer and attorney general lawsuits facing Vision for this scheme.  *Id*. ¶ 78.  The fraud proved very profitable for Singal, the Szkaradeks and Defendants because the Szkaradeks secured 22,063,376 shares of FTE common stock as consideration, among other things, half of which (11,031,688 shares) were contractually agreed to be immediately transferred to a prior victim of an unrelated fraud

perpetrated by Singal against First Capital Real Estate Investments LLC, First Capital Real Estate Advisors LP, and First Capital Real Estate Trust Inc. (collectively, the "FC REIT"). *Id.* ¶¶ 63, 97.

The second major fraud Singal perpetrated during FTE's October 2019 board meeting was his proposal to retire several million dollars' worth of existing FTE debt in exchange for the ultimately agreed upon consideration of 4,193,684 shares of FTE stock. *Id.* ¶ 58. Ultimately, FTE's board, in particular his insider undisclosed allies such as Cunningham and Goodwin, approved this deal based on Singal's subsequent representation that he had, in fact, discharged the debt, and TTP8 ultimately received 4,193,684 shares of FTE common stock. *Id.* ¶¶ 58, 104. Based on information available to FTE at the time the original Complaint was drafted, it alleged that "[o]n information and belief, Singal and TTP8 have not paid any of the unsecured debt holders any money for the debt Singal and TTP8 acquired from them." *Id.* ¶ 104 n. 12.

Following these two major fraudulent transactions, the Defendants proceeded to transfer the spoils—consisting of more than 26 million shares of FTE common stock—among themselves in violation of restrictions in the Vision Purchase Agreement, including the Szkaradeks' promise to immediately transfer more than 11 million shares to FC REIT. *Id.* ¶¶ 100-123. Defendants then attempted to vote these illicitly gained shares to make *ultra vires* amendments to FTE's bylaws that would give them total control over the Company. *Id.* ¶¶ 124-127. For these acts, FTE has alleged (i) a First Cause of Action for RICO violations against Singal; (ii) a Second Cause of Action for RICO conspiracy against Defendants; (iii) a Third Cause of Action for fraud against Singal; (iv) a Fourth Cause of Action for tortious interference with a contract against Singal; and

(v) a Fifth Cause of Action against Cunningham and Goodwin[1] for breach of their fiduciary duties. *Id*. ¶¶ 132-197.

## II.    The Proposed Amended Complaint Adds Corroborating Detail To These Claims

FTE's proposed Amended Complaint is narrowly tailored to substantiate the above allegations with new concrete evidence obtained in March 2023.  Specifically, FTE recently secured declarations from (i) its former board member Chris Ferguson ("Ferguson"), who is the manager of TBK 327 Partners, LLC ("TBK"); and (ii) Mark Suwyn ("Suwyn"), manager of Suwyn Investments LLC ("Suwyn LLC").  Heskin Decl. Exs. 4 and 5.  TBK and Suwyn LLC were the FTE debt holders that Singal represented to the FTE board as having satisfied in exchange for receiving 4,193,684 shares of FTE common stock.  Heskin Decl. Ex. 1 ¶ 104.  Ferguson testifies that TBK is the holder of certain promissory notes issued by FTE to TBK, and that while in October 2019 Singal, through is company TTP8, attempted to acquire this debt from TBK, the transaction never closed and TBK remains the owner of the debt.  Heskin Decl. Ex. 4 ¶¶ 3-6.  Ferguson also testifies how Coleman attempted to get him to join the conspiracy to take over FTE in February 2022, but that he declined to do so.  *Id*. ¶¶ 9-13.  Suwyn gives similar testimony of how Suwyn LLC holds promissory notes issued by FTE and that, in October 2019, Singal, through TTP8, showed purported interest in acquiring this debt, only for the transaction also never closing. Heskin Decl. Ex. 5. ¶¶ 3-7.

Virtually all of the new allegations in FTE's proposed Amended Complaint are derived from the above testimony that was only recently secured.  Heskin Decl. Ex. 3 ¶¶ 53-56, 111-123. With the benefit of Ferguson's and Suwyn's declarations, FTE has also now confirmed the role of

---

[1] FTE also asserted this cause of action against former Defendant Peter K. Ghishan, who was voluntarily dismissed from this Action on October 11, 2022.  [DE 25].  The proposed Amended Complaint removes Ghishan from the Action, thereby simplifying the pleadings.  *See generally* Heskin Decl. Ex. 2 (proposed Amended Complaint).

Singal and TTP8 in their fraudulent representation that they have discharged this debt, and FTE has therefore expanded its fraud cause of action against Singal to include these additional facts. FTE also asserts one new cause of action, a breach of contract claim against TTP8 for violating the December 13, 2019 note exchange agreement whereby TTP8 represented it had acquired title, and would extinguish, the debt held by TBK and Suwyn LLC in exchange more than 4.1 million shares of FTE's common stock for TTP8 cancelling, which it unquestionably did not do. *Id.* ¶¶ 249-262. The Amended Complaint also includes new allegations concerning Coleman's effort to recruit Ferguson to join the conspiracy to takeover FTE, which also comes from his recently secured declaration, *Id*. ¶¶ 150, 170, and additional facts relevant to FTE's Second Cause of Action for RICO conspiracy against Defendants in light of their second attempt to pass *ultra vires* amendments to FTE's bylaws on March 11, 2023. *Id.* ¶ 170. All of these new allegations and new cause of action are supported by documentary evidence that FTE intends to include as exhibits to the Amended Complaint. *See* Heskin Decl. Exs. 4-7.

The remaining changes consist of (i) removing certain Defendants who avoided service (Danish Mir and Khawaja Zargham Bin Aamer) or were dismissed from the action (Ghishan); *Id.* at 1, and (ii) additional information concerning Cunningham's role in the conspiracy and his divulgence of confidential information to Coleman, which comes directly from Coleman's declaration that was included with the original Complaint. *Compare id* ¶¶ 73, 155-58, 242-43 *with* Heskin Decl. Ex. 1, Ex. G (Coleman Decl.) ¶¶ 13-14.

## <u>ARGUMENT</u>

### I.     **Legal Standard**

As prescribed by the FRCP, the "court should freely give leave [to amend] when justice so requires. *Id.* Rule 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of showing by the nonmovant of prejudice or bad faith." *Block v. First*

*Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).   "In determining what constitute 'prejudice,' [courts] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trail; (ii) significantly delay the resolution of the dispute; (or) (iii) prevent the plaintiff from brining a timely action in another jurisdiction." *Id*. (granting leave to amend).   "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (granting leave to amend despite delay where there was no prejudice).   The opposing parties' "time, effort and money they expended in litigating" is insufficient to establish prejudice. *Block*, at 351.

## II.   FTE Promptly Brings This Motion As Soon As Was Possible

FTE's Motion should be granted because it acted diligently and promptly in all respects in amending the Complaint as soon as it secured the necessary new evidence in the form of Ferguson's and Suwyn's declarations, dated Mary 7, 2023, and March 17, 2023, respectively, and shortly after Defendants' second coup attempt on March 11, 2023.   Heskin Decl. Exs. 4-6.   On March 2, 2023, while FTE was in the process of securing Ferguson's declaration, FTE's counsel informed Defendants of its intent to file the Amended Complaint.   Heskin Decl. Ex. 8.   Defendants ultimately refused, as reflected by their submission in a subsequent joint status letter dated March 9, 2023.   *See* [DE 63].   Had Defendants consented, this entire Motion practice would have been unnecessary and their pending motions to dismiss could have been modified on consent to address the new facts in the Amended Complaint.

FTE secured Suwyn's declaration on March 17, 2023, Heskin Decl. Ex. 5, and filed this Motion just 42 days later.   For purposes of evaluating a delay in seeking leave to amend, this mere 42-day turnaround from FTE's securing the evidence necessary to finalize the Amended Complaint to filing this Motion is virtually non-existent.   "Indeed, courts have routinely granted

-7-

leave to amend where the delay was much longer than eleven months." *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608 (PKC) (JCF), 2014 U.S. Dist. LEXIS 4931, at *6 (S.D.N.Y. Jan. 13, 2014); *see also*, *Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (affirming grant of leave to amend after 7-year delay); *Rachman Bag Co. v. Liberty Mutual Insurance Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (ruling leave to amend properly granted after 4-year delay). FTE's Motion should therefore be granted because there was no meaningful delay.

## III.   Defendants Are Not Prejudiced By Granting This Motion

FTE brings this motion before any party has conducted any discovery and before any of the Defendants have even expended the resources in answering the original Complaint. Rather, this Action is presently in the pre-answer motion to dismiss stage. Consequently, none of the traditional hallmarks of prejudice to the opposing Defendants are present. *Cf. Schnepf v. Jerome H. Seigel, P.C.*, 98 Civ. 125 (SHS) (AJP), 1998 U.S. Dist. LEXIS 12386, at *3 (S.D.N.Y. Aug. 10, 1998) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed"). Moreover, the Amended Complaint does not fundamentally alter FTE's existing theory of Defendants' liability; it merely provided greater detail and substantiated prior allegations which confirm an already alleged fraud, and includes just one new cause of action for breach of contract based on harm that was already alluded to in the original Complaint, namely the fraudulent debt-cancellation agreement. *See generally* Heskin Decl. Ex. 3. This too countenances against a finding of prejudice. *Xpression Footwear Corp. v. Peters*, 94 Civ. 6136 (JGK), 1995 U.S. Dist. LEXIS 19122, at *11 (S.D.N.Y. Dec. 22, 1995) ("[L]ess of a threat of prejudice exists where a new claim arises from a set of operative facts similar to those underlying the existing claim").

The fact that Defendants have pending motions to dismiss does not countenance against granting this Motion; the opposite is true. "Where the proposed amended complaint requires leave

of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" *Thompson v. City of New York*, 21-cv-8202 (MKV), 2022 U.S. Dist. LEXIS 32809, at *2 (S.D.N.Y. Feb. 24, 2022) (granting plaintiff leave to amend amidst pending motions to dismiss); *see also*, *Trott v. Deutsche Bank, AG*, 1:20-cv-10299-MKV, 2021 U.S. Dist. LEXIS 89754, at *3 (S.D.N.Y. May 11, 2021) (same).  The procedural posture of this Motion is identical to these recent decisions from this District and—particularly in light of the complete absence of delay and legally recognizable prejudice—therefore should be granted.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion should be granted in its entirety.

April 28, 2023

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:

Shane R. Heskin
Alex D. Corey
7 Times Square, STE 29
New York, NY 10036
(215) 864-7000
heskins@whiteandwilliams.com

30450086v.1