IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FTE NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUNEET SINGAL, *ET AL.*, <br><br> Defendants. | Case No. 22-cv-5960 (PGG) |

**MOTION OF DEFENDANTS SUNEET SINGAL; TTP8, LLC;
FIRST CAPITAL MASTER ADVISOR, LLC; MAJIQUE LADNIER;
INNOVATIV MEDIA GROUP, INC.; AND THOMAS COLEMAN
TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendants Suneet Singal; TTP8, LLC; First Capital Master Advisor, LLC; Majique Ladnier; Innovativ Media Group, Inc.; and Thomas Coleman (collectively, the "Responding Defendants"), by counsel, hereby move under Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff's Complaint with prejudice. Specifically, Count I, violation of 18 U.S.C. 1962(c), fails to state a claim because the Complaint does not allege any Responding Defendant other than Singal had a role in directing the alleged enterprise, the predicate acts of mail and wire fraud are insufficiently alleged, there is no pattern of racketeering activity alleged, the purported enterprise is not distinct from the alleged racketeering, and the damages are too speculative. Count II for violation of 18 U.S.C. 1962(d) fails because the underlying RICO claims fails and because there are no allegations evidencing an agreement by each Responding Defendant to commit predicate acts. Having failed to state viable RICO claims, the Court has no basis for personal jurisdiction over the Responding Defendants, and in turn the remaining claims must fail as alleged against them. Separately, Count III for fraudulent inducement or fraud fails because the Complaint does not sufficiently allege false representations or omission by Responding Defendants, reasonable

reliance by the Plaintiff, or actual damages necessary to state a claim. Likewise, Count IV for tortious interference with contract is similarly insufficiently pleaded to state a claim. Independently, Plaintiff has also conceded in earlier filings that Counts I, III, and IV are alleged only against Suneet Singal and thus should be dismissed against the remaining Responding Defendants.

There are also several other independent bases for dismissal. First, Plaintiff has not properly served Thomas Coleman. Second, the Complaint must be dismissed in full because of an incurable failure to join Alexander and Antoni Szkaradek, who are necessary and indispensable parties. Finally, the Complaint and requested relief concern subject matter subject to the exclusive jurisdiction of Delaware courts. For these reasons, which are more fully explained in the accompanying Memorandum of law, which is incorporated herein as if fully set forth at length, Responding Defendants respectfully request that the Complaint be dismissed against them with prejudice. A proposed form order is also included.

Date: May 1, 2023                        /s/Andrew K. Stutzman
                                         Andrew K. Stutzman, Esq. (#5034517)
                                         Stradley Ronon Steven & Young, LLP
                                         2005 Market Street, Suite 2600
                                         Philadelphia, PA 19103
                                         (P) 215-564-8008
                                         astutzman@stradley.com

                                         *Counsel for Defendants Suneet Singal; Majique Ladnier; TTP 8, LLC; First Capital Master Advisor, LLC, Innovativ Media Group, Inc.; and Thomas Coleman*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I caused the foregoing Motion to Dismiss, along with the accompanying Memorandum of Law and proposed order, to be electronically filed and served via this Court's ECF system to all counsel of record.

/s/Andrew K. Stutzman
Andrew K. Stutzman
