UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

FTE NETWORKS, INC.,

                Plaintiff,                         22-cv-5960 (PGG)

      v.

SUNEET SINGAL, ET AL.,

                Defendants.

———————————————————————————

**REPLY MEMORANDUM IN SUPPORT OF
CUNNINGHAM'S MOTION TO DISMISS**


Respectfully,

PHILLIPS LYTLE LLP
Attorneys for Defendant
*Joseph F. Cunningham*
620 Eighth Avenue
38th Floor
New York, New York  10018


Joseph B. Schmit
– Of Counsel –

## <u>ARGUMENT</u>

**THE COMPLAINT FAILS TO ALLEGE FACTS SUPPORTING THAT CUNNINGHAM JOINED A CONSPIRACY TO VIOLATE 18 U.S.C. § 1962 (d) OR BREACHED HIS FIDUCIARY DUTIES**

The "Opposition" (Dkt. No 75) confirms that FTE's officers/directors (Beys and da Silva) are attempting to accomplish in the courtroom what they do not have the votes to accomplish in the Boardroom. This case is an extension of a scorched-earth strategy to sue every individual and entity that has the audacity to not vote in favor of the strategy that Beys and da Silva would like to employ. Given how Beys and da Silva have essentially disbanded the Board of Directors it is unclear how these lawsuits were even authorized. Regardless, as noted by the Moving Defendants (Dkt No. 74), this strategy continues to fail in Nevada, Delaware, and Pennsylvania. This frivolous New York RICO case should now be rejected as well.

In Mr. Cunningham's opening brief (and supporting papers) (Dkt. No. 77), he demonstrated how the sparse allegations concerning him did not support the two causes of action asserted against him (Count 2 — conspiracy to commit a RICO violation and Count 5 — breach of fiduciary duties). The Complaint simply does not allege that Mr. Cunningham engaged in any impermissible conduct. The "Opposition" (Dkt. No 75) does provide a meaningful response.

In regard to the conspiracy to commit RICO claim, Mr. Cunningham joins in the reply brief and other submissions filed by the "Moving Defendants." (Dkt. Nos. 73-74, and 76.) In addition to the fact that Mr. Cunningham is not alleged to have done anything wrong, all of the arguments raised by Moving Defendants for why a RICO claim, let alone a

conspiracy to commit RICO, has not been alleged are equally applicable to Mr. Cunningham.

Furthermore, as noted, Mr. Cunningham is not alleged to have engaged in any impermissible conduct as would be necessary to sustain a conspiracy or breach of fiduciary duty claim against him.  The Opposition (pp. 37-40) focuses on two events as to why Mr. Cunningham was sued.  First, Plaintiff alleges that after attending a Board meeting Mr. Cunningham discussed a potential litigation with certain shareholders.  Such discussions occur all of the time.  On a daily basis lawyers, adversaries, and parties discuss lawsuits that may be filed.  While there are strategic reasons for why it may not be advisable, discussing (or threatening) a possible litigation is permissible conduct.

Plaintiff's conclusory allegation that a "firewall" was in place (and the disclosure violated its terms) (*e.g.*, Opp. at 38) does not change the result.  There are no factual predicates alleged to support the "firewall" allegation.  Plaintiff does not allege that Board a resolution was made and passed by a vote, or where anyone may find the documentation supporting this so-called "firewall."  Such conclusory or "naked assertions devoid of further factual enhancement's" do not have to be accepted as true and do not satisfy FRCP Rule 8.  *Vantone Grp. LLV v. Yanpu NGT Indus. Co.*, No 13-CV-7639-LTS-MHD, 2015 WL 4040882, at *3 (S.D.N.Y July 2, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff, further, focuses on Cunningham supporting a so-called *ultra vires* proposed amendment to the by-laws.  (*Eg.*, Opp. at 38.)  Again, there is nothing wrong with proposing an amendment to the by-laws.  It is not *ultra vires* or in any way impermissible.  If

it passes the by-laws are amended and if it does not it will have no effect.  It is a normal corporate governance occurrence.  Nothing nefarious.

Finally, apparently recognizing that the aforementioned conduct is of no moment, Plaintiff abandons those two theories and supports its damages claims strictly on the basis that Cunningham advocated for FTE to take certain action without disclosing his prior connection to Singal.  (Opp. at 40.)  Even if true there is no allegation as to how such knowledge would have impacted FTE's views or how any of the transaction were unfair or any aspect of them were misrepresented.  All aspects of these transactions were discussed and FTE ultimately decided to enter into them.  In no way does Mr. Cunningham's advocacy for either event support the claims against him.  Nothing here allows plaintiff to end-run Nevada's business judgment rule.

## CONCLUSION

For the foregoing reasons, the Complaint against Mr. Cunningham should be dismissed.

Dated:  New York, New York
         May 1, 2023

PHILLIPS LYTLE LLP

By:  */s/ Joseph B. Schmit*
      Joseph B. Schmit

Attorneys for Defendant
*Joseph F. Cunningham*
620 Eighth Avenue
38th Floor
New York, New York  10018-1442
Telephone No. (212) 759-4888
jschmit@phillipslytle.com

Doc #11133331.1