**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FTE NETWORKS, INC., <br><br>                  Plaintiff, <br>    v. <br><br> SUNEET SINGAL, *ET AL.*, <br><br>                 Defendants. | Case No. 22-cv-5960 (JHR) |

**OPPOSITION OF DEFENDANTS SUNEET SINGAL; TTP8, LLC;**
**FIRST CAPITAL MASTER ADVISOR, LLC; MAJIQUE LADNIER;**
**INNOVATIV MEDIA GROUP, INC.; AND THOMAS COLEMAN**
**TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Andrew K. Stutzman, Esq. (#5034517)
Stradley Ronon Steven & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(P) 215-564-8008
astutzman@stradley.com

*Counsel for Defendants Suneet Singal; Majique Ladnier; TTP 8, LLC; First Capital Master Advisor, LLC; Innovativ Media Group, Inc.; and Thomas Coleman*

## <u>TABLE OF CONTENTS</u>

I.     Introduction ................................................................................................1

II.    Background and Procedural History ........................................................2

III.   Argument ....................................................................................................5

      A.    Amendment of the Complaint as proposed is futile ............................5

            i.    FTE's proposed amended complaint fails to state a claim against Responding Defendants ...................................................................6

            ii.   The Court should decline jurisdiction over the proposed amended complaint under the Younger abstention doctrine ...............................9

      B.    Amendment would unduly prejudice Responding Defendants ......................11

IV.    Conclusion .................................................................................................14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Anderson v. Greene,*
  2017 WL 3503686 (S.D.N.Y. Aug. 16, 2017)...................................................13

*Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC,*
  692 F.3d 42 (2d Cir. 2012)...................................................................................8

*BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank,*
  *Nat'l Ass'n,*
  247 F. Supp. 3d 377 (S.D.N.Y. 2017)..................................................................8

*Ciminelli v. United States,*
  No. 21-1170, 2023 WL 3356526, at *4 (U.S. May 11, 2023) ...........................4, 6, 7

*Cerni v. J.P. Morgan Sec. LLC,*
  208 F. Supp. 3d 533 (S.D.N.Y. 2016)................................................................11

*FTE Networks, Inv. v. Alexander Szkaradek, et al.,*
  Case No. 22-00785 (D. Del. 2022) .....................................................................5

*Gentner v. Shulman,*
  55 F.3d 87 (2d Cir. 1995)...................................................................................10

*Hansel v. Town Ct. for Town of Springfield*, N.Y.
  56 F.3d 391 (2d Cir. 1995).................................................................................10

*Holland v. Bouchard, ,*
  *6*2017 WL 4180019 (S.D.N.Y. Sept. 19, 2017)..................................................10

*Innovativ Media Group, Inc., et al. v. Michael Beys, et al.,*
  Case No. 22-01184 (D. Nev. 2022) .....................................................................5

*Innovativ Media Group, Inc. et al., v. Michael Beys, et al.,*
  Case No. 22-01362 (D. Nev. 2022) .....................................................................5

*Innovativ Media Group, Inc. v. FTE Networks, Inc.,*
  Case No. A-22-849188-B (Clark County, Nev.) ......................................... *passim*

*Lewis Family Group Fund LP v. JS Barkats PLLC,*
  2018 WL 3579844 ...........................................................................................13

*McCarthy v. Dun & Bradstreet Corp.,*
  482 F.3d 184 (2d Cir. 2007)................................................................................5

*Nightingale Grp., LLC v. CW Cap. Mgmt., LLC,*
    2012 WL 2674539 (S.D.N.Y. July 5, 2012) .......................................................................11

*In re Nokia OYJ (Nokia Group) Sec. Litig.,*
    423 F. Supp. 2d 364 (S.D.N.Y. 2006).................................................................................13

*Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.,*
    172 F. Supp. 3d 700 (S.D.N.Y. 2016)..................................................................................7

*PI, Inc. v. Quality Prods., Inc.,*
    907 F. Supp. 752 (S.D.N.Y. 1995) .....................................................................................11

*Ruotolo v. City of N.Y.,*
    514 F.3d 184 (2d Cir. 2008)................................................................................................11

*Vine v. Beneficial Finance Co.,*
    374 F.2d 627 (2d Cir. 1967)................................................................................................11

**Statutes**

18 U.S.C. 1962(c) .....................................................................................................................2, 6

18 U.S.C. 1962(d) .....................................................................................................................2, 7

18 U.S.C. § 1341 ..........................................................................................................................6

18 U.S.C. § 1343 ..........................................................................................................................6

iv

Defendants Suneet Singal ("Singal"); TTP8, LLC ("TTP8"); First Capital Master Advisor, LLC ("FCMA"); Majique Ladnier ("Ladnier"); Innovativ Media Group, Inc. ("Innovativ"); and Thomas Coleman ("Coleman") (collectively, the "Responding Defendants"), submit this Opposition to Plaintiff FTE Networks, Inc.'s ("FTE") Motion for Leave to Amend Complaint.

## I.      Introduction

After the conclusion of the pre-motion letter briefing and extensive motion to dismiss merits briefing, FTE now seeks leave to amend its complaint to add new factual allegations in support of its existing claims and to advance a new claim for breach of contract against TTP8. The Court should deny leave to amend because amendment would be futile and would unduly prejudice Responding Defendants.

*First*, the amendment would be futile because the proposed amended complaint fails to state a viable RICO claim against any of the Responding Defendants or a viable fraud or tortious interference claim against Singal for the reasons explained in their Motion to Dismiss, Reply in Support thereof, and Notices of Supplemental Authority. [ECF 72-74, 76, 79, 84].

*Second,* the subject matter of the new factual allegations and proposed claim– FTE's stock issuance to TTP8 in exchange for discharging FTE corporate debt – is already pending before a Nevada state court, which will consider the propriety of the very transaction. *See Innovativ Media Group, Inc. v. FTE Networks, Inc.*, No. A-22-849188-B (Clark County, Nev.) ("State Corporate Case"). As such, this Court should abstain from exercising jurisdiction under the *Younger* doctrine so that the state court may decide the matter, which is inextricably tied up in other related issues before that court concerning matters of corporate governance of FTE, a Nevada corporation.

*Third*, the amendment would unduly prejudice Responding Defendants who have already incurred significant time and expense fully briefing their motion to dismiss after FTE declined

several opportunities to amend its complaint earlier despite already knowing the facts supporting the proposed amendment.

For these reasons, which are more fully explained below, the Court should deny FTE's leave to amend.

## II.       Background and Procedural History

FTE filed this case in New York state court on May 11, 2022. [ECF 1-1]. The operative complaint advances five counts: Count I - violation of 18 U.S.C. 1962(c) [RICO] against Singal, Count II – violation of 18 U.S.C. 1962(d) [RICO conspiracy] against all Responding Defendants and others, Count III - fraudulent inducement and fraud against Singal, Count IV - tortious interference with contract against Singal, and Count V - breach of fiduciary duty against exclusively non-Responding Defendants. The Complaint generally arises out of an ongoing dispute over the direction and control of FTE with FTE's controlling directors, Michael Beys and Richard De Silva, on one side and Responding Defendants, who are shareholders in FTE, on the other side. This case is one of several pending cases spanning multiple courts all concerning essentially the same subject matter.

In the instant case, FTE alleges that the Responding Defendants, along with Alexander and Antoni Szkaradek (the "Szkaradeks"), who are not named defendants, conspired to take control of FTE. From that premise, FTE identifies two transactions that it alleges form the basis of the takeover attempt, as well as several other acts that FTE claims were also fraudulent or tortiously committed  in order to further the takeover. The first transaction concerns FTE's stock issuance to TTP8 in exchange for discharge of certain FTE corporate debt. FTE alleges it was fraudulently induced into the transaction and that Singal and/or TTP8 misrepresented whether it owned the debt and whether the debt was actually discharged in exchange for the stock issuance. The second transaction concerns the sale of a real estate portfolio (the "Vision Portfolio") from the Szkaradeks

to FTE in exchange for FTE stock and money. FTE alleges that Signal, along with the unnamed Szkaradeks, fraudulently induced FTE into the transaction through misrepresentations and omissions concerning the liabilities of the portfolio. FTE is simultaneously pursuing the Szkaradeks for the same claim in Delaware. The remaining allegations concern purported transfers of FTE stock between Responding Defendants and their voting participation in amending FTE's Bylaws, both of which FTE alleges were fraudulent acts designed to further the scheme to take control of FTE.

On July 13, 2022, Singal removed the case to this Court. [ECF 1]. On September 12, 2022, FTE filed Motions for a Preliminary Injunction and a Temporary Restraining Order, both of which were denied. [ECF 14-15, 21].

On September 19, November 29, and November 30, 2022, Responding Defendants filed Pre-Motion Letters seeking leave to move to dismiss the Complaint and identifying their arguments for dismissal. [ECF 20, 44, 45]. At that time, Responding Defendants also requested FTE file a RICO case statement clarifying the factual allegation supporting its RICO claims. Id.

On October 14, December 2, and December 5, 2022, FTE filed responses to the Pre-Motion Letters disputing any pleading deficiencies and declining to file a RICO statement. [ECF 28, 50, 51]. Despite having the opportunity to do so, FTE declined to file an amended complaint in response to Responding Defendants' Pre-Motion Letters. On January 11, 2023, the Court issued an order authorizing motions to dismiss and establishing a briefing schedule.

On February 1, 2023, Responding Defendants served their Motion to Dismiss with supporting Memorandum and exhibits. [ECF 57, 72-73].

On March 2, 2023, FTE sought Responding Defendants' consent to  file an amended complaint. Responding Defendants declined. On March 9, 2023, FTE filed status letters indicating

its intention to seek leave to amend its complaint to "add additional details concerning alleged fraud perpetrated by Defendants Singal and TTP8." [ECF 62 -633]. FTE did not indicate an intention to assert the new breach of contract claim against TTP8. Id.

Notwithstanding its stated intention to seek leave to amend its complaint, on March 31, 2023, FTE forewent a motion to amend and instead served a substantive Opposition to Defendants' Motions to Dismiss. [ECF 75]. No explanation was offered as to why FTE proceeded with merits briefing rather than seeking amendment at that time.

On April 28, 2023, a mere two days before Responding Defendants' Reply brief was due, FTE, without notice, filed its instant Motion for Leave to Amend the Complaint (the "Motion") with accompanying memorandum and exhibits. [ECF 68-71]. For its part, the Motion is silent as to why it was filed shortly after FTE filed an Opposition to the Motions to Dismiss rather than in lieu of an Opposition, which may have obviated the need for Responding Defendants to prepare and file a Reply brief.

On May 1, 2023, Responding Defendants filed a Reply in Support of their Motion to Dismiss, with accompanying Declaration and Exhibits. [ECF 74, 76]. Since then, Innovativ has filed a Notice of Supplemental Authority alerting the Court to a preliminary injunction order entered in the State Corporate Case that bears directly on some of the issues involved in this case and the proposed amended complaint, including the validity of FTE's stock issuance to TTP8 in exchange for discharging FTE corporate debt. [ECF 79]. FTE responded with its own letter largely arguing that the Supplemental Authority supported its request for leave to amend. [ECF 82].

Finally, on May 19, 2023, Responding Defendants filed a Second Notice of Supplemental Authority advising the Court of the recent opinion of the United States Supreme Court in *Ciminelli v. United States*, which rejected the "right to control" theory of wire and mail fraud. [ECF 84]. As

explained in the Notice, the ruling has profound implications for Responding Defendants' fully briefed Motion to Dismiss, which applies equally to FTE's proposed amended complaint, rendering it futile with regard to the RICO claims in Counts I and II.

In addition to the State Corporate case, there are three other federal cases now pending concerning the same general subject matter with two in Nevada and one in Delaware. In Nevada, there is a derivative action against Beys and DeSilva concerning breached fiduciary duties and Securities Exchange Act violations. *See Innovativ Media Group, Inc., et al. v. Michael Beys, et al.*, Case No. 22-01184 (D. Nev. 2022) ("Derivative Case"). Another case in Nevada concerns a misleading proxy statement filed by Beys and DeSilva before a shareholder meeting and their attempt to strong-arm an independent director off the board through lies and misleading statements sent to shareholders. *See Innovativ Media Group, Inc. et al., v. Michael Beys, et al.*, Case No. 22-01362 (D. Nev. 2022) ("Proxy Case"). In Delaware, FTE is suing the Szkaradeks for several of the same claims advanced here. *See FTE Networks, Inc. v. Alexander Szkaradek, et al.*, Case No. 22-00785 (D. Del. 2022) ("Delaware Action"). For their part, the Szkaradeks filed counterclaims including a rescission claim, which remains pending but will ultimately be dispositive as to the validity of the Vision Portfolio Transaction.

## III.    Argument

District courts have discretion to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, good reason exists to deny leave to amend.

### A.    Amendment of the Complaint as proposed is futile

The Court should deny FTE leave to amend its complaint because the amendment would be futile for two reasons. First, the proposed amended complaint fails to cure the pleading deficiencies of the operative complaint and does not state viable claims against the Responding

Defendants. Second, the Court should decline jurisdiction under the *Younger* abstention doctrine because the same subject matter is already pending before the Nevada state court.

### i.     FTE's proposed amended complaint fails to state a claim against Responding Defendants

Even as amended, FTE's proposed complaint fails as alleged against Responding Defendants. First, the proposed amended claims fail for the reasons previously explained in Responding Defendants' Motion to Dismiss, Reply in support thereof, and Notices of Supplemental Authority, which are adopted and incorporated herein. [ECF 72-74, 76, 79, 84]. Second, the proposed amended complaint fails for the following reasons:

***Count I – violation of 18 U.S.C. 1962(c) [RICO] against Singal***. The predicate acts are not sufficiently alleged and do not span the minimum two-year period required to plead a closed-ended pattern of predicate acts as required. Additionally, FTE's purported damages, if any, are not clear and definite. Instead, the alleged damages are speculative and contingent upon the outcome of presently pending claims in the State Corporate Case and the Delaware Action, which will determine, *inter alia*, the validity of the FTE stock issuance to TTP8 and subsequent transfers to certain Responding Defendants, the Bylaws Amendment, and the Vison Portfolio transaction including whether it will be rescinded.

Moreover, as explained in the Second Notice of Supplemental Authority, following the Supreme Court's recent decision in *Ciminelli v. United States*, when the object of a wire or mail fraud scheme is intangible – like control over a company – rather than money or property as required by statute, the fraud is not actionable mail or wire fraud under 18 U.S.C. § 1341 or 1343. As such, FTE cannot rely upon purported predicate acts of wire and/or mail fraud where the object of the scheme was to take control of FTE including the stock transfers between Responding

Defendants, their voting for the disputed Bylaws Amendments, and any other purported acts in which FTE was not deprived of money or property. [ECF 84].

***Count II – violation of 18 U.S.C. 1962(d) [RICO conspiracy] against all Responding Defendants.*** The RICO conspiracy claim cannot survive without the underlying RICO claim. This alone is dispositive as to the conspiracy claim because the RICO claim fails as previously demonstrated. The RICO conspiracy claim also independently fails because it lacks specific factual allegations against each purported conspirator regarding their knowledge and agreement to participate in the conspiracy. Further still, following the *Ciminelli* holding, the predicate acts purportedly involving Innovativ, Coleman, Ladnier, and FCMA – participation in stock transfers and execution of Bylaws Amendments – which FTE alleges demonstrates their knowledge and agreement to the conspiracy, are not qualifying acts of wire and/or mail fraud because they were not alleged to have nor could they plausibly deprive FTE of money or property. Therefore, the RICO conspiracy claim separately fails as alleged against them.

***Count III – fraudulent inducement and fraud against Singal.*** The gravamen of this claim is that Signal, in his capacity as a representative of TTP8 and as an alleged broker for the Szkaradeks, made misrepresentations and/or omissions that induced FTE to enter into contracts with TTP8 and the Szkaradeks, respectively. FTE alleges that it was damaged as a result of those contracts. However, even if true, these allegations are insufficient to sustain fraud claims against Singal. In addition to the arguments Responding Defendants previously asserted, the economic loss rule prevents FTE from seeking to recover its contract damages through a tort action. *See Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 172 F. Supp. 3d 700, 719 (S.D.N.Y. 2016) ("A plaintiff cannot seek damages by bringing a tort claim when the injury alleged is primarily the result of economic injury for which a breach of contract claim is available.").

7

Although plaintiffs may still assert a claim for fraudulent inducement, the claim must be predicated upon an alleged independent duty (outside of the contract) that was breached and must allege damages distinct from the contract damages recoverable in a breach of contract claim. *See BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 247 F. Supp. 3d 377, 399 (S.D.N.Y. 2017) ("allegations that Defendant breached duties independent of its contracts do not, themselves, allow evasion of the economic loss rule, which presents a second, distinct barrier to tort claims stemming from contractual relationships.") (internal citations omitted). The proposed amended complaint contains no allegations concerning any independent duty owed by Singal to FTE in connection with either transaction. Further, the proposed amended complaint is devoid of any alleged separate damages that would not be recoverable in a contract claim. Absent these necessary allegations, the fraud and fraudulent inducement claims must fail.

Similarly, under New York law, a tort claim premised on a party's breach of contractual obligations seeking the benefit of the contract is precluded as duplicative. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012). FTE is already asserting a breach of contract claim against the Szkaradeks in the Delaware Action for purported breaching the Vision Portfolio Purchase Agreement and its amendments, and FTE is seeking leave to add a breach of contract claim against TTP8 in the instant proposed amended complaint. Any claim against TTP8 related to the stock issuance or debt cancellation, whether in tort or contract, would be governed by New York law pursuant to the Note Exchange Agreement. *See* Note Exchange Agreement at Section 6.5 (Governing Law) attached to Declaration of Heskin at ECF 71-7. Therefore, fraud claims premised upon the breach of either agreement are precluded as duplicative.

Moreover, both the Vision Portfolio Purchase Agreement and the Note Exchange Agreement contain mergers clauses in which FTE agrees that it is not relying upon any representations outside of the agreements themselves. *See* Compl. at Ex. D, Purchase Agreement at § 11.5 (Entire Agreement); Note Exchange Agreement at § 6.8 (Entire Agreement) attached to Declaration of Heskin at ECF 71-7. The plain language of the merger clauses also mitigates against any fraudulent inducement claim against Singal.

*Count IV – tortious interference with contract against Singal*. This claim fails for the reasons outlined in Responding Defendants' Motion to Dismiss and Reply in support thereof.

*Count V – breach of fiduciary duty against only non-Responding Defendants.* The merits of this claim are not addressed herein because it is not alleged against any Responding Defendants.

*Count VI – breach of contract against TTP8.* This claim fails  primarily because the facts upon which it is premised are already being adjudicated in Nevada. As explained below, this Court should abstain from exercising jurisdiction over this claim under the *Younger* doctrine.

> ## ii.   The Court should decline jurisdiction over the proposed amended complaint under *Younger* abstention doctrine

FTE's proposed amended complaint, like its original Complaint, includes allegations that overlap with and are inextricably tied to issues pending before the Nevada state court in the State Corporate case. Specifically, the following overlapping issues are before the Nevada state court: (1) the validity of the FTE stock issuance to TTP8 in exchange for debt cancellation including whether Singal and/or TTP8 owned the debt and actually cancelled it, (2) the validity of TTP8's subsequent transfers of FTE stock to Innovativ, and the (3) the validity of the Bylaws Amendment, as well as subsequent purported amendments. In fact, on June 12, 2023, the Nevada state court is scheduled to hear argument on FTE's Motion for Summary Judgment, which may be dispositive of issues 1 and 2, and Innovativ's Motion for Leave to File an Amended Complaint, which address

these issues and more in the proposed amended complaint. *See* FTE's Motion for Summary Judgment and Innovativ's Motion for Leave to Amend with proposed amended complaint annexed to Stutzman Dec. at Exs. 1 and 2, respectively.

*Younger* abstention is appropriate when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue to litigate any federal claims in the state court. *See Hansel v. Town Ct. for Town of Springfield*, N.Y., 56 F.3d 391, 393 (2d Cir. 1995); *see also Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995). Here, all three prongs are satisfied. The first and second prongs are satisfied because the State Corporate Case is an ongoing state proceeding that implicates important state interests, *e.g.* governance of FTE, a Nevada corporation. *See Holland v. Bouchard, No. 16-CV-5936 (VSB)*, 2017 WL 4180019, at *3 (S.D.N.Y. Sept. 19, 2017) (invoking *Younger* abstention "because the Delaware Court of Chancery has a strong interest in enforcing its orders relating to the governance and management of Delaware corporations"; further noting abstention is warranted to avoid undue interference with state proceedings; and that Younger abstention may apply to the claims of parties who are not directly involved in any pending state proceeding). The third prong is satisfied because FTE can litigate its proposed amended claims against the Responding Defendants in the Nevada state court.

Innovativ's First Notice of Supplemental Authority [ECF 79] highlighted the extent of the overlapping issues and demonstrated that the Nevada state court had already made preliminary determinations as to several issues. Notably, in response, FTE misrepresented the preliminary injunction order by mischaracterizing it as an invitation to this Court to adjudicate FTE's allegations of fraud against TTP8. [EFC 82]. The order contains no such invitation. Rather, it merely notes that the Nevada state court has not yet made any final rulings on these issues, and as such they remain unproven. FTE's disingenuous response to Innovativ's Notice of Supplemental

Authority belies its true intention, which is to engage in parallel litigation over the same issues in this Court so as to avoid the unfavorable rulings it has already received in Nevada.

Therefore, this Court should abstain from exercising jurisdiction under the *Younger* doctrine so that the Nevada state court can decide the overlapping factual issues.

### B.      Amendment would unduly prejudice Responding Defendants

This Circuit has recognized that leave to amend is properly denied in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of the allowance of the amendment[.]'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Denial of leave to amend for undue delay is warranted when the plaintiff had the information supporting the amendment prior to briefing the motion to dismiss but waited to seek leave. *See PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 764-65 (S.D.N.Y. 1995); *see, e.g.*, *Nightingale Grp., LLC v. CW Cap. Mgmt., LLC*, 2012 WL 2674539, at *11 (S.D.N.Y. July 5, 2012) (denying leave to amend in part because "[c]ourts in this district 'may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.'") (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)). In *Vine v. Beneficial Finance Co.*, the Second Circuit found that it was "certainly within the district court's discretion" to deny plaintiff leave to file an amended complaint, where "one basis for denial of leave to amend was the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss." 374 F.2d 627, 636-37 (2d Cir. 1967) (district court denied leave to amend on ground that "[t]he new information alleged in the [proposed second amended] complaint was within plaintiff's knowledge before argument of the motion to dismiss the first amended complaint"); *see also Cerni v. J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 544 (S.D.N.Y. 2016)

(finding plaintiff "had the facts relevant to [its proposed amendments] all along," and a "busy district court need not allow itself to be imposed upon by the presentation of theories seriatim" (citation omitted)).

These cases are on point and their reasoning warrants the same result here. FTE's proposed amendments largely concern the details of its stock issuance to TTP8, which occurred in October and December of 2019. The proposed amended Complaint alleges, *inter alia*, that TTP8 did not own FTE's corporate debt and that it did not actually discharge the debt promised. Not only did FTE have ample time to investigate those issues prior to bringing its original complaint in May 2022, but its Complaint contradicts its assertion that it only recently learned of the new allegations. In footnote 12 of the Complaint, FTE alleges that neither Singal nor TTP8 paid to acquire FTE's corporate debt. In light of that allegation, it is clear that FTE knew at least enough to further investigate the issue in May 2022, yet it waited nearly a year to seek leave to amend its complaint.

Tellingly, FTE advanced the same allegations regarding Singal and TTP8's ownership of the corporate debt and failure to discharge it in its February 27, 2023 Opposition to Motion for Summary Judgment on Special Damages in the State Corporate Case. *See* Opposition annexed to Stutzman Dec. at Ex. 3. Accordingly, there can be no doubt that FTE knew of the facts underlying their proposed amended complaint prior to filing their Opposition to Responding Defendants' Motion to Dismiss. This fact is further supported by FTE's March 9, 2023 Status Letter [ECF 63], filed more than a month before its Opposition, in which FTE stated its intent to seek leave to amend its Complaint. Notably, FTE already had the "new evidence" it now touts, the Ferguson and Suwyn declarations dated March 7 and March 17, 2023, respectively, before it chose to oppose Responding Defendants' Motion to Dismiss rather than seeking leave to amend.

FTE has not offered any justification for proceeding with merits briefing rather than seeking leave to amend earlier. FTE declined several earlier opportunities to amend. It could have amended following Responding Defendants' September or November 2022 pre-motion letters requesting leave to move to dismiss. [ECF 20, 44, 45]. Instead, FTE asserted that its Complaint was sound. [ECF 28, 50, 51]. FTE also could have amended any time before Responding Defendants served their Motion to Dismiss on February 1, 2023, [ECF 57, 72-73], or even before it opposed the motion on March 31, 2023, [ECF 75], which necessitated Responding Defendants incurring the time and expense of preparing a Reply brief. [ECF 74, 76]. However, FTE did not timely seek leave to amend despite having all of the information required to do so and instead elected to proceed with merits briefing. The only plausible explanations are that FTE wanted to pursue the theory in the State Corporate Case first or that it wanted to further burden Responding Defendants with preparing a Reply despite their intention to try to defeat the motion to dismiss through amendment in case they lost on the merits. Either way is inappropriate; FTE cannot hedge its bet by holding allegations back for amendment in the hopes of having another bite at the apple. *See In re Nokia OYJ (Nokia Group) Sec. Litig.*, 423 F. Supp. 2d 364, 409 (S.D.N.Y. 2006).

Under the circumstances, Responding Defendants would be unfairly prejudiced by the proposed amendment. They would have to "expend additional time and money to defend against the new allegations," *Lewis Family Group Fund LP v. JS Barkats PLLC*, 2018 WL 3579844, at *3, after having already fully briefed a motion to dismiss. Amendment would necessitate additional motion to dismiss briefing, which when coupled with the undue delay described above, establishes prejudice. *See Anderson v. Greene*, 2017 WL 3503686, at *14-15 (S.D.N.Y. Aug. 16, 2017) (proposed pre-discovery amendment would prejudice defendant where "Plaintiff has deliberately adopted a 'moving target' approach to his pleadings, necessitating additional motion practice").

IV.     **Conclusion**

For the reasons explained above and in Responding Defendants' Motion to Dismiss and accompanying Memorandum, Reply in support thereof, and Notices of Supplemental Authority, Plaintiff's Motion for Leave to File an Amended Complaint should be denied.


Respectfully Submitted,


Date: May 26, 2023                     /s/Andrew K. Stutzman
                                       Andrew K. Stutzman, Esq. (#5034517)
                                       Stradley Ronon Steven & Young, LLP
                                       2005 Market Street, Suite 2600
                                       Philadelphia, PA 19103
                                       (P) 215-564-8008
                                       astutzman@stradley.com

                                       *Counsel for Defendants Suneet Singal; Majique Ladnier; TTP 8, LLC; First Capital Master Advisor, LLC; Innovativ Media Group, Inc.; and Thomas Coleman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023, I caused the foregoing Opposition, along with the accompanying Declaration and exhibits to be electronically filed and served via this Court's ECF system to all counsel of record.

/s/Andrew K. Stutzman
Andrew K. Stutzman