# EXHIBIT 2

Electronically Filed
12/13/2022 1:23 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
Therese M. Shanks, Esq. (SBN 12890)
Chelsie Adams, Esq. (SBN 13058)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, Nevada 89511
Tel: 775-788-2228  Fax: 775-788-2229
tshanks@fennemorelaw.com
cadams@fennemorelaw.com

*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| INNOVATIV MEDIA GROUP, INC., a Wyoming corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FTE NETWORKS, INC., a Nevada corporation; LATERAL U.S. CREDIT OPPORTUNITIES FUND, LP; RICHARD DE SILVA; DOES I-X; ROE Entities, I-X,<br><br>Defendants. | CASE NO.:   A-22-849188-B<br><br>DEPT. NO.:   XXXI |

## <u>AMENDED COMPLAINT</u>

Plaintiff, by and through its counsel of Fennemore Craig, P.C., complain and allege as follows:

### <u>PARTIES AND JURISDICTION</u>

1.      Plaintiff Innovativ Media Group ("IMG") is a Wyoming corporation, which owns 500,000 shares of common stock defendant FTE Networks, Inc. ("FTE").

2.      FTE is a Nevada corporation, registered to do business at all times in the State of Nevada and the County of Clark.

3.      On information and belief, defendant Lateral U.S. Credit Opportunities Fund, LP ("Lateral") is a Delaware limited partnership.

4.     On information and belief, defendant Richard De Silva is a resident of California, and a director of FTE.

5.     On information and belief, the value of Plaintiffs' stock in FTE exceeds $15,000.

### GENERAL ALLEGATIONS

6.     FTE is a Nevada corporation.

7.     On information and belief, Lateral is a shareholder of FTE, and more specifically, of its Series J Preferred Stock.

8.     On information and belief, De Silva, who is a director of FTE, is the beneficial owner of Lateral's stock.

9.     As explained in more detail below, IMG has been denied access to the Stockholder list by FTE.

10.    IMG acquired its shares of stock in 2020, well over six months ago.

11.    On February 8, 2022, IMG sent a letter to FTE in which it requested to inspect the list of the stockholders, among other things.

12.    Accompanying the February 8, 2022, letter was an affidavit certifying, among other things, that its reasons for requesting this information was for a proper purpose.

13.    FTE has not provided IMG with the stockholders list, or otherwise allowed it to inspect the stockholders list nor has it provided an explanation for why it believes it is not required to provide such list.

14.    Under NRS 78.105, IMG is entitled to inspect the stockholder list.

15.    Section 2.12(a) of FTE's bylaws allows stockholders to amend the bylaws by a majority vote.

16.    Under NRS 78.320, stockholders may also amend the bylaws of FTE by a majority vote.

17.    On February 3, 2022, stockholders holding a majority of FTE's voting power at that time, amended Section 3.1 of the Bylaws to read as follows:

**3.1 General Powers**:   Subject to these bylaws, the Corporation's articles of

2

incorporation and applicable law, all corporate powers shall be exercised by or under the authority of, and the business and affairs of the Corporation managed under the direction of, its Board; *provided, however,* that:

a.      No shares of the capital stock of the Corporation may be issued to any officer, director or stockholder (each, an "Insider") of the Corporation or any affiliate of an Insider without the approval of the stockholders holding a majority of the voting power of the issued and outstanding shares of the Corporation's capital stock (such stockholders, the "Controlling Stockholders").   As used in these Bylaws, "affiliate" means a person, trust or entity who controls, is controlled by or is under common control with a specified person, trust or entity, along with the immediate family members of any such specified person along with any person or entity acting in concert with such specified person.   "Control" in the preceding sentence means the power to direct the policies and affairs of an entity or trust;

b.      Without the consent of the Controlling Stockholders, the Board may not:

i.      Adopt any shareholder rights, poison pill, staggered board or other plan that has an anti-takeover purpose or effect; and

ii.      Issue any shares of stock with voting rights greater than the voting rights of shares of the Corporations' common stock.

18.      On February 3, 2022, stockholders holding a majority of FTE's voting power amended Section 3.2 of the Bylaws to state:

**3.2 Number and Qualification of Directors.**   The Board shall consist of three members.   Directors do not need to be residents of Nevada or shareholders of the Corporation.

19.      On February 3, 2022, stockholders holding a majority of FTE's voting power amended FTE's bylaws to delete Section 5.

20.      On February 3, 2022, stockholders holding a majority of FTE's voting power amended section 6.5 of FTE's bylaws to read:

**6.5  Restrictions on Transfers or Registration of Shares.**   Without the consent of the Controlling Stockholders, the Board may only impose restrictions on the transfer or registration of transfer of shares (including any security convertible into, or carrying a right to subscribe for or acquire shares)in the following circumstances . . . .

21.      On February 3, 2022, stockholders holding a majority of FTE's voting power amended the Bylaws to delete Section 6(c) of the original bylaws.

22.      On February 3, 2022, stockholders holding a majority of FTE's voting power amended section 9.1 of the Bylaws to read:

**9.1 Amendments**:   Without the consent of the Controlling Stockholders, the Corporation's Board may not amend, repeal, modify or supplement the

3

Corporation's Bylaws at any time.

23.     The stockholders voted that these amendments be effective immediately.

24.     A true and correct copy of the amendment, signed by these stockholders is attached hereto as **Exhibit 1.**

25.     These Amendments occurred because of the shareholders' concern that FTE's interested directors, Michael Beys ("Beys") and Richard De Silva ("De Silva"), would continue their pattern of looting the assets of FTE in favor of their own self-interest and to the direct detriment of FTE's shareholders.

26.     FTE refuses to recognize the amendment as valid and binding on its Board.

27.     On information and belief, the amendment is valid and binding on the Board because it was executed by a majority of shareholders entitled to vote by written consent.

28.     On information and belief, the stock owned by Lateral and beneficially by De Silva cannot be counted towards the total number of shares entitled to vote because this stock does not have voting rights.

## **FIRST CLAIM FOR RELIEF**

### **(IMG v. FTE - Violation of NRS 78.105)**

29.     IMG incorporates the preceding paragraphs as if fully set forth herein.

30.     Under NRS 78.105(2), any person who has been a stockholder of record of a Nevada corporation for at least six months prior to the demand, upon five days written demand, is entitled to inspect the list of shareholders.

31.     Under NRS 78.105(5), if a corporation refuses to allow such inspection, then the corporation is liable to the damages incurred by the stockholder in seeking this information.

32.     IMG has been a stockholder of record of FTE for over six months.

33.     IMG demanded to inspect the stockholder list on February 8, 2022.

34.     FTE refused to allow IMG to inspect the stockholder list.

35.     IMG is entitled to an order from this Court compelling FTE to disclose the stockholder list to IMG.

36.     IMG is entitled to recover its damages incurred, including its reasonable attorney fees and costs, in connection with inspecting the stockholder list.

37.     To date, IMG has incurred special damages in excess of $25,000, consisting of attorney fees related to and arising from its request to inspect the shareholder list and FTE's refusal, and costs related to and arising from its request to inspect the shareholder list and FTE's refusal.

38.     The attorney's fees and costs are IMG's special damages specifically arising from FTE's improper refusal to allow IMG to inspect the shareholder list.  This number continues to grow, and does not yet reflect the most recent amount.

**SECOND CLAIM FOR RELIEF**
**(IMG v. ALL DEFENDANTS - Declaratory Relief – Validity of Bylaws Amendment)**

39.     IMG incorporate the preceding paragraphs as if fully set forth herein.

40.     Pursuant to NRS 30.040(1), this Court may declare the validity of any legal instrument.

41.     The Bylaws, as amended, are a legal instrument.

42.     A justiciable dispute has arisen between IMG and FTE, because FTE is refusing to recognize the validity of the bylaws amendment.

43.     As a stockholder who voted to amend the Bylaws, IMG has a legally protectable interest in having the validity of the amendment determined by this Court.

44.     This issue is ripe for judicial determination.

45.     Accordingly, IMG requests that this Court enter an order declaring that the amendment is a valid amendment of FTE's bylaws by majority vote of the stockholders.

46.     IMG has been forced to retain counsel to exercise their rights, and are entitled to an award of their reasonable attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**(IMG v. FTE - Injunctive Relief)**

47.     IMG incorporates the preceding paragraphs as if fully set forth herein.

48.     On information and belief, the Board intends to issue shares of stock with vastly more voting rights per share than those currently held by the stockholders of FTE, in an effort to

5

dilute the voting power of Plaintiffs, thereby gaining control of the company.

49. IMG is likely to succeed on the merits of its claims.

50. If the Board is allowed to dilute IMG's voting power, the harm to IMG will not be compensable by damages.

51. Accordingly, IMG requests that this Court enter an injunction and/or temporary restraining order prohibiting the Board:

    a. From issuing any further stock without majority stockholder consent;

    b. From transferring any further stock to entities associated and/or affiliated with any director without proper director consent; or

    c. Taking any action which violates the Bylaws, as amended, in each case, until such time as this Court resolves the dispute between the parties.

52. IMG has been forced to retain counsel to enforce their rights, and are entitled to an award of their reasonable attorney fees and costs.

WHEREFORE, IMG prays for relief as follows:

1. For an order that FTE turn over the stockholder list to IMG pursuant to NRS 78.105;

2. For an order declaring the amendment of the Bylaws to be valid pursuant to NRS 30.040;

3. For an injunction prohibiting the Board:

    a. From issuing any further stock without majority stockholder consent; and/or

    b. Taking any action which violates the Bylaws, as amended, until such time as this Court resolves the dispute between the parties.

4. For the appointment of a receiver;

5. For damages according to proof;

6. For special damages in the form of attorney fees and costs as plead herein, and as will be more specifically shown according to proof; and

7. For such other relief as this Court deems just and appropriate.

/////

1

## **AFFIRMATION**

2

The undersigned affirms that this document does not contain the social security number

3

of any person.

4

Dated:  December 13, 2022                              FENNEMORE CRAIG, P.C.

5

6                                                        /s/ *Therese M. Shanks*

Therese M. Shanks, Esq. (SBN 12890)

7                                                      Chelsie Adams, Esq. (SBN 13058)

7800 Rancharrah Parkway

8                                                      Reno, Nevada 89511

*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to NRCP 5 (b), I am serving a true copy of the foregoing **AMENDED COMPLAINT** on the parties set forth below by:

|  | |
|---|---|
|  | Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices |
|  | Certified Mail, Return Receipt Requested |
|  | Via Electronic Mail |
|  | Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered |
| XX | By Notice of Electronic Filing via the electronic filing system as maintained by the Court Clerk's Office |

Daniel S. Cereghino, Esq. (SBN 11534)
Brandi M. Planet, Esq. (SBN 11710)
Austin M. Maul, Esq. (SBN 15596)
LEX DOMUS LAW
1712 Tesara Vista Place
Las Vegas, Nevada 89128

*Attorneys for Defendant FTE Networks, Inc*

DATED: December 13, 2022

/s/  *Diana L. Wheelen*
An Employee of Fennemore Craig, P

# EXHIBIT 1

# EXHIBIT 1

DocuSign Envelope ID: 83B7F88F-947A-4A2C-9B8C-45156DF215E1

WRITTEN CONSENT OF THE SHAREHOLDERS OF

FTE NETWORKS, INC.,
a Nevada corporation,

The undersigned, holding a majority of the voting power of the issued and outstanding stock of FTE Networks, Inc., a Nevada corporation (the "Corporation"), individually and collectively consent by this writing to take the following actions, to adopt the following resolutions, and to transact the following business of the Corporation pursuant to Section 2.12(a) of the Corporation's bylaws (the "Bylaws") and to Section 78.320 of the Nevada Revised Statutes:

**Amendment of Bylaws.**

WHEREAS, the undersigned desire to amend the Bylaws in certain particulars as more fully set forth below:

NOW, THEREFORE, IT IS HEREBY RESOLVED, that the Bylaws are amended as follows:

*Section 3.1 of the Bylaws is amended and restated in its entirety as follows:*

**3.1 General Powers.**   Subject to these bylaws, the Corporation's articles of incorporation and applicable law, all corporate powers shall be exercised by or under the authority of, and the business and affairs of the Corporation managed under the direction of, its Board; *provided, however,* that:

a.       No shares of the capital stock of the Corporation may be issued to any officer, director or stockholder (each, an "Insider") of the Corporation or any affiliate of an Insider without the approval of stockholders holding a majority of the voting power of the issued and outstanding shares of the Corporation's capital stock (such stockholders, the "Controlling Stockholders").   As used in these Bylaws, "affiliate" means a person, trust or entity who controls, is controlled by or is under common control with a specified person, trust or entity, along with the immediate family members of any such specified person along with any person or entity acting in concert with such specified person.   "Control" in the preceding sentence means the power to direct the policies and affairs of an entity or trust;

b.       Without the consent of the Controlling Stockholders the Board may not:

i.       adopt any shareholder rights, poison pill, staggered board or other plan that has an anti-takeover purpose or effect; and

1

DocuSign Envelope ID: 83B7F88F-947A-4A2C-9B8C-45156DF2f5E1

    ii.    issue any shares of stock with voting rights greater than the voting rights of shares of the Corporation's common stock.

*Section 3.2 of the Bylaws is amended and restated in its entirety as follows:*

    **3.2**    ***Number and Qualification of Directors***.  The Board shall consist of three members.   Directors do not need to be residents of Nevada or shareholders of the Corporation.

*Section 5 of the Bylaws is eliminated in its entirety.*

*The first paragraph and the next sentence thereafter of Section 6.5 of the Bylaws is amended and restated in its entirety as follows:*

    **6.5**    ***Restrictions on Transfer or Registration of Shares.***  Without the consent of the Controlling Stockholders, the Board may only impose restrictions on the transfer or registration of transfer of shares (including any security convertible into, or carrying a right to subscribe for or acquire shares) in the following circumstances:

*Section 6(c) of the Bylaws is eliminated in its entirety.*

*Section 9.1 of the Bylaws is amended and restated in its entirety as follows:*

    **9.1**    ***Amendments.***  Without the consent of the Controlling Stockholders, the Corporation's Board may not amend, repeal, modify or supplement the Corporation's Bylaws at any time.

## General

FURTHER RESOLVED, that this instrument may be executed in multiple counterparts, which, when taken together, shall constitute one and the same instrument.  Any signature page of this instrument may be detached from any counterpart without impairing the legal effect of any signatures thereon, and may be attached to another counterpart identical in form thereto, but having attached to it one or more additional signature pages.  Any signature transmitted electronically (including DocuSign or similar electronic signature) shall have the same effect as an original, manual signature.

FURTHER RESOLVED, that it is the intent of the undersigned that the foregoing resolutions be effective immediately upon delivery of an executed copy hereof to the registered agent or the secretary of the Corporation.

[signatures appear on following pages]

DocuSign Envelope ID: 83B7F88F-947A-4A2C-9B8C-45156DF2T5E1

[signature page to Written Consent of the Shareholders of FTE Networks, Inc., a Nevada corporation]

Majique Ladnier

Danish Mir

Khawaja Zargham bin Aamer

First Capital Master Advisor, LLC

By: _____

Printed: Suneet Singal

Title: Manager

Alex Szkaradek

Antoni Szkaradek

Stephen Goodwin

Peter Ghishan

Joseph Cunningham

Dennis Shorrock

TTP 8, LLC

By: _____

Printed: Majique Ladnier

Title: Authorized Signatory Party

Innovativ Media Group, Inc.

By: _____

Printed: Tom Coleman

Title: CEO

Timothy Swanston

Robert Swanston

Patrick Shorrock

Eric Phelps

Chris Ferguson

3