# EXHIBIT 3

Electronically Filed
9/19/2022 1:28 PM
Steven D. Grierson
CLERK OF THE COURT

William E. Peterson, Esq.
Nevada Bar No. 1528
Nathan G. Kanute, Esq.
Nevada Bar No. 12413
Christian Ogata, Esq.
Nevada Bar No. 15612
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
wpeterson@swlaw.com
nkanute@swlaw.com
cogata@swlaw.com

*Attorneys for Defendant FTE Networks, Inc.*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| INNOVATIV MEDIA GROUP, INC., a Wyoming Corporation; ALEX SZKARADEK, an individual; ANTONI SZKARADEK, an individual,<br><br>                    Plaintiffs<br><br>v.<br><br>FTE NETWORKS, INC., a Nevada corporation; DOES I-X; ROE Entities I-X,<br><br>                    Defendants | Case No.: A-22-849188-B<br><br>Dept. No.: XXXI<br><br><br>**Defendant FTE Networks, Inc.'s Answer to Complaint** |

Defendant FTE Networks, Inc. ("FTE") answers plaintiff Innovativ Media Group, Inc.'s complaint as follows:

### PARTIES AND JURISDICTIONS

1.    FTE denies that Innovativ Media Group properly owns 500,000 shares of FTE common stock. FTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies them.

2. The allegations in paragraph 2 concern parties or facts that the Court resolved and dismissed, and therefore no response is required. To the extent that a response is required, FTE denies the truth of the allegations.

3. Admit.

4. FTE admits that it maintains a registered agent in Clark County, Nevada. FTE denies the remaining allegations in paragraph 4.

5. The allegations in paragraph 5 concern, in part, parties or facts that the Court resolved and dismissed, and therefore no response is required. FTE denies that the value of Innovativ's stock, if any, exceeds $15,000.

## GENERAL ALLEGATIONS

6. Admit.

7. The allegations in paragraph 7 concern, in part, parties or facts that the Court resolved and dismissed, and therefore no response is required. FTE denies that Innovativ alone is the record owner of an amount of shares that represents more than 15% of the voting power of the issued and outstanding stock of FTE.

8. The allegations in paragraph 8 concern, in part, parties or facts that the Court resolved and dismissed, and therefore no response is required. FTE denies that Innovativ has been denied access to the stockholder list by FTE and denies that Innovativ alone is the record owner of shares of FTE's stock holding more than 15% of the voting power of the issued and outstanding stock of FTE.

9. FTE admits that Innovativ received shares of FTE stock in 2020. FTE denies that Innovativ's acquisition or use of those shares is proper.

10. FTE admits that Section 2.1 of its bylaws give the Board of Directors the power to designate the time, place, and date of the annual shareholder meeting, within or without the State of Nevada. FTE denies the remaining allegations in paragraph 10.

11. FTE admits that its last meeting of stockholders was on December 26, 2018.

12. Deny.

13. The allegations contained in paragraph 13 are legal conclusions or argument to

which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

14. FTE admits that Section 2.12(a) of its bylaws permit stockholders to act by written consent if the written consent is "signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shareholders entitled to vote with respect to the subject matter thereof were present and voted." FTE denies the remaining allegations in paragraph 14

15. The allegations contained in paragraph 15 are legal conclusions or argument to which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

16. The allegations in paragraph 16 concern, in part, parties or facts that the Court resolved and dismissed, and therefore no response is required. FTE denies that Innovativ has been denied access to the stockholder list by FTE. FTE denies that the stockholders who voted to amend FTE's bylaws, even with the dismissed Plaintiffs' participation, hold more than 50% of the voting power in FTE.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. FTE denies that stockholders holding a majority of FTE's voting power amended its bylaws in any way. FTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies them.

24. FTE denies that Exhibit 1 is a valid amendment to FTE's bylaws. FTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore denies them.

25. FTE admits that it refuses to recognize the purported bylaw amendment as valid or

1   binding. FTE denies the remaining allegations in paragraph 25.

2         26.     FTE admits that Innovativ sent a letter to FTE's board of directors dated February
3   8, 2022, and that the letter asked FTE to hold a meeting of stockholders. FTE denies that Innovativ
4   demanded that it "hold an election within seven days."

5         27.     Deny.

6         28.     FTE admits that Innovativ sent a letter to FTE's board of directors dated February
7   8, 2022, requesting to inspect FTE's stockholder list.

8         29.     FTE denies that Innovativ's demand was for a proper purpose. FTE admits that
9   Innovativ sent an affidavit with its demand letter.

10        30.     Deny.

11        31.     Deny.

12        32.     Deny.

### FIRST CLAIM FOR RELIEF

### (Plaintiffs v. FTE – Violation of NRS 78.345(1))

15        33.     FTE incorporates by reference its responses to paragraphs 1 through 32 as though
16   fully set forth herein.

17        34.     The allegations contained in paragraph 34 are legal conclusions or argument to
18   which no response is required. To the extent that a response is required or to the extent that the
19   allegations pertain to FTE, FTE denies the truth of them.

20        35.     Admit.

21        36.     The allegations in paragraph 36 concern, in part, parties or facts that the Court
22   resolved and dismissed, and therefore no response is required. FTE denies that Innovativ is the
23   record holder of more than 15% of the voting power of FTE.

24        37.     The allegations in paragraph 37 concern, in part, parties or facts that the Court
25   resolved and dismissed, and therefore no response is required. To the extent that a response is
26   required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

27        38.     Deny.

## SECOND CLAIM FOR RELIEF

### (IMG v. FTE – Violation of NRS 78.105)

39. FTE incorporates by reference its responses to paragraphs 1 through 38 as though fully set forth herein.

40. The allegations contained in paragraph 40 are legal conclusions or argument to which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

41. The allegations contained in paragraph 41 are legal conclusions or argument to which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

42. FTE admits that Innovativ received shares of FTE stock in 2020. FTE denies that Innovativ's acquisition or use of those shares is proper.

43. FTE admits that Innovativ sent a letter to FTE's board of directors dated February 8, 2022, requesting to inspect FTE's stockholder list.

44. Deny.

45. Deny.

46. Deny.

## THIRD CLAIM FOR RELIEF

### (IMG v. FTE – Declaratory Relief – Validity of Bylaws Amendment)

47. FTE incorporates by reference its responses to paragraphs 1 through 46 as though fully set forth herein.

48. The allegations contained in paragraph 48 are legal conclusions or argument to which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

49. Deny.

50. Deny.

51. The allegations in paragraph 51 concern, in part, parties or facts that the Court resolved and dismissed and legal conclusions, and therefore no response is required. To the extent

that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

52. Deny.

53. The allegations in paragraph 53 concern, in part, parties or facts that the Court resolved and dismissed, and therefore no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

54. Deny.

### FOURTH CLAIM FOR RELIEF

### (IMG v. FTE – Injunctive Relief)

55. FTE incorporates by reference its responses to paragraphs 1 through 54 as though fully set forth herein.

56. Deny.

57. The allegations in paragraph 57 concern, in part, parties and claims that the Court resolved and dismissed and legal conclusions, and therefore no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

58. Deny.

59. The allegations in paragraph 59 are requests for relief to which no response is required. To the extent that a response is required or to the extent that the allegations pertain to FTE, FTE denies the truth of them.

60. Deny.

### GENERAL DENIAL

FTE denies any allegation not specifically admitted or responded to above.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Innovativ acquired its shares to FTE stock by fraud and therefore lacks the ability to assert any of its claims.

3. Innovativ owns less than 15% of FTE's stock and therefore lacks the standing to

assert a claim under Nev. Rev. Stat. § 78.345.

4. Innovativ's claims are barred by the doctrine of unclean hands.

5. Innovativ's request for declaratory relief is not ripe for review given this Court's prior ruling.

6. One or more of Innovativ's claims should be dismissed or denied as moot.

7. Innovativ is estopped from raising one or more of its claims or has waived such claims.

8. Innovativ has failed to mitigate its damages, if any.

9. FTE expressly reserves and does not waive any rights or other affirmative defenses set forth in Nevada Rule of Civil Procedure 8 or any other applicable law that discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

**PRAYER**

WHEREFORE, defendant FTE prays for relief as follows:

1. That Innovativ's claims be dismissed with prejudice and that Innovativ takes nothing by way of its complaint;

2. That this Court enter judgment in favor of FTE and against Innovativ;

3. For costs incurred in defense of this action;

4. For reasonable attorneys' fees incurred in defense of this action;

5. For any other relief that this Court deems just and proper.

Dated: September 19, 2022                    SNELL & WILMER L.L.P.

By: /s/ *Nathan G. Kanute*
William E. Peterson, Esq.
Nevada Bar No. 1528
Nathan G. Kanute, Esq.
Nevada Bar No. 12413
Christian Ogata, Esq.
Nevada Bar No. 15612
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendant FTE Networks, Inc.*

<u>Certificate of Service</u>

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT FTE NETWORKS, INC.'S ANSWER TO COMPLAINT** by method indicated below:

- ☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

- ☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

- ☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

and addressed to the following:

Therese M. Shanks, Esq.
Geenamarie V. Carucci, Esq.
Chelsie A. Adams, Esq.
**FENNEMORE CRAIG, P.C.**
7800 Rancharrah Parkway
Reno, NV 89511
tshanks@fennemorelaw.com
gcarucci@fennemorelaw.com
cadams@fennemorelaw.com
*Attorneys for Plaintiff*

DATED this 19th day of September, 2022.

                                 */s/ Lara J. Taylor*
                                 An employee of SNELL & WILMER L.L.P.

4891-3611-8055.2